UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT of FLORIDA
TAMPA DIVISION

| | |
|---|---|
| <u>DALE A. GULDEN</u>, Pro se ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> STEWARD W. STICH ) <br> CAROL RITTINGER ) <br> and other UNKNOWN DOES ) <br> in their Individual Capacity ) <br> <u>Respondent(s).    </u>) | Case No. 8:06-CV-02327-T-27MSS <br><br> COMPLAINT TO QUIET TITLE <br> MOTION FOR EMERGENCY <br> INJUNCTIVE RELIEF <br> FRCP RULE 65 |

Comes now, Dale A. Gulden, Plaintiff for cause against the Respondent(s) states as follows:

### INTRODUCTION AND NATURE OF ACTION

This cause of action is the falsification of government records by IRS personnel [Respondent(s)] and the denial of Administrative Due Process that has imposed irreparable injuries and damage upon Plaintiff. Congress authorized the Secretary in Title 26 U.S.C. §6201 assessment authority for assessing taxes shown on the return by the taxpayer or by the Secretary. Congress has also authorized the Secretary in Title 26 U.S.C. §6020(b) to make, execute and subscribe to a return when the taxpayer does not make a required return. To date no §6020(b) return has been produced by Respondent(s)



and no return has been produced necessary as the basis for their assessments for the tax years 2000, 2001, 2002, 2003 and 2004 against Plaintiff.

Despite the fact that assessments for these tax modules for these foregoing tax years were made without a return and to date no return is posted to this account by Respondents, after they were fully informed that they were in violation of the law, continued the administrative process with collection actions based upon erroneous assessments against Plaintiff. The tax module must contain a return as a basis for an assessment. This is a Congressional mandate found at Title 26 U.S.C. §6201.

Plaintiff has challenged the administrative process as provided by regulation at 26 C.F.R. §601.105-1 demanding to see the required return authorized by Title 26 U.S.C. §6201 and Title 26 U.S.C. §6020(b) and used herein as authorization for their administrative actions. Title 5 U.S.C. §556(d) provides the burden of proof against the proponent of the action.

The Federal Tax Court, in **Phillips v Commissioner**, 86 T.C. 433 (1986) stated that the Commissioners Dummy/SFR is not a return in accordance with 26 U.S.C. §6020(b). However, the Commissioners dummy/SFR was used to create an account for the foregoing tax years for Plaintiff. It also appears Respondents are claiming their assessments to be based upon the Commissioners Dummy/SFR non-return. Congress authorized the Secretary in Title 26 U.S.C. §6020(b) to make, execute and subscribe to a return and the Secretary has identified those specific returns authorized by 26 U.S.C.

§6020(b) within the Internal Revenue Manual, IRM, at, 5.1.11.6.10 (5/27/1999). Plaintiff has made numerous requests for these 26 U.S.C. §6020(b) returns from the Respondents. Respondents have failed to produce these returns or any other return relied upon for their assessment authority and therefore Plaintiff can only conclude that no valid return(s) authorized and required by law exist as a basis for Respondents claimed assessments.

Plaintiff has challenged the administrative process as provided by regulation at 26 C.F.R. §601.105-1 demanding to see the required return authorized by 26 U.S.C. §6020(b) and used herein as authorization for their administrative actions. Title 5 U.S.C. §556(d) provides the burden of proof against the proponent of the action.

The Federal Tax Court, in **Phillips v Commissioner**, 86 T.C. 433 (1986) stated that the Commissioners Dummy/SFR is not a return in accordance with 26 U.S.C. §6020(b). However, a dummy/SFR was used to create an account for the foregoing tax years for Plaintiff. Congress authorized the Secretary in Title 26 U.S.C. §6020(b) to make, execute and subscribe to a return and the Secretary has identified those specific returns authorized by 26 U.S.C. §6020(b) within the Internal Revenue Manual, IRM, at, 5.1.11.6.10 (5/27/1999). Plaintiff has made several requests (see Exhibits) for this 26 U.S.C. §6020(b) return from Respondents who have failed to produce the return and therefore Plaintiff can only conclude that no valid return authorized by 26 U.S.C. §6020(b) exist on Plaintiff's tax record, IMF. Therefore, as no return exists within the administrative tax records, neither can there be authorization for any action against Plaintiff at this time.

## Subject Matter Jurisdiction Statement

Plaintiff brings this matter under Title 28 USC §1331 that provides this Court with Original Jurisdiction to entertain this Federal Question.

The Federal District Court has jurisdiction to entertain this matter under Title 28 U.S.C. §2410 to Quiet Title to property claimed by Respondents and United States for its failure to adhere to the Congressionally mandated procedures found at Title 26 U.S.C. §6201 for assessment authority of the Secretary in the administrative process.

The Federal District Court also has subject matter jurisdiction to consider this claim under authority of Title 26 U.S.C. §7433 and by virtue of sufficient pleadings clearly articulating violations of Title 5 U.S.C. §552a(e)(5) and Title 26 U.S.C. §6020(b).

Furthermore, the Federal District Court has subject matter jurisdiction to entertain this action due to the agencies failure to maintain accurate records as provided by Title 5 U.S.C. §552a(g)(1)(C) that caused adverse determinations to be made against Plaintiff.

## Statement of *in personam* jurisdiction

The United States has waived personal jurisdiction for willful violation of procedures, rules, laws, and codes by IRS personnel. This court has in personam jurisdiction over IRS agents Steward W. Stich and Carol Rittinger and Others Unnamed

4

by reason of acts committed by these agents in violation of rules, procedures, codes and laws.

## Venue Statement

All acts alleged herein transpired within the State of Florida, therefore, venue is properly set herein pursuant to Title 28 U.S.C. §1391(b), because the alleged claims arose within the judicial district of Florida. Plaintiff is a citizen of Florida.

## Statement of Facts

The Privacy Act, Title 5 U.S.C. §552a(e)(5), states;

> **Section 552a. Records maintained on individuals**
> (e) Agency Requirements. –
> Each agency that maintains a system of records shall -
> > (5) maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination;

All agency records are required to remain in a state of perfection. The IRS account record titled, "IMF MCC TRANSCRIPT-COMPLETE" hereinafter, IMF, dated 4/10/2006 (see Exhibit 1), pertaining to Plaintiff, fails to show a posting of a satisfying transaction satisfying the filing requirement for the tax years 2000, 2001, 2002, 2003 and 2004. This indicates that these tax modules (tax account year) fail to contain a posting of a return that satisfies the filing requirement. As there is no return there can be no assessment, as the assessment cannot exist without a return for its application.

A Satisfying Transaction is defined at IRM that states at, 3.13.36.31.6 (07-01-2005) TDI Definitions;

> "3. Satisfying Transaction (Closing Transaction)- A transaction that when posted to a module satisfies the requirement to file a return."

The Tax Court in **Phillips v Commissioner**, 86 TC 433 (1986) stated, "the Commissioner's dummy returns were not 'returns' within the meaning of section 6020(b);"and the IRM at, 5.1.11.6.10 (05-27-1999), specifically identifies seven returns that may be prepared under authority of Title 26 U.S.C. §6020(b). These returns do not include the Form 1040 return. This further evidences the erroneous actions of the Respondents.

## CAUSE OF ACTION:

The IMF shows the posting of an "SFR 150" for the tax years 2000, 2001, 2002, 2003 and 2004. These tax modules had/have no satisfying transaction identifying the original return as defined by 26 U.S.C. §6020(b). Without a satisfying transaction posted to the account there is no basis for any authorization for any transactions within the assessment process. Plaintiff alleges that authorized/mandated 26 U.S.C. §6020(b) return does not exist nor does the return required by Congressional mandate of Title 26 U.S.C. §6201 exist (see Exhibits 3a-e). Therefore, these agents have, with prior knowledge, violated Plaintiff's rights to due process in violation of United States law and the Constitution for the United States of America.

## **PRAYER FOR RELIEF:**

As Respondents had full knowledge of their unauthorized actions, Plaintiff moves the Court to order payment for sufferings of the Plaintiff resulting from Respondent's erroneous actions (see Exhibits 2a-b). Total amount for suffering has yet to be determined. Total amount for damages and suffering is unspecified, but resulting from personal injury and embarrassment, denial of Due Process, damage to Plaintiffs' personal Credit Bureau files, Legal and Research fees, Postage, and loss of reputation stemming from Respondents having served unlawful Summonses on Plaintiffs' financial institutions. Plaintiff has conducted business in the past and has continuing business to conduct in the future with these institutions which has been caused damage by the action of Respondents. Plaintiff also requests the Court to Order the Commissioner of Internal Revenue to cause the correction of the IMF account record to remove all fraudulent and baseless transactions therein pertaining to plaintiff. Furthermore, Plaintiff requests the Court to Order Commissioner of Internal Revenue to comply with the Congressional directive under the Revenue Restructuring Act of 1998 Section 1203 that provides for termination of employment of Respondents responsible in this matter.

Authorization for this request can be found under Title 28 U.S.C. §1361. Plaintiff also requests the Court to remand this matter and said respondents to the Federal Prosecutor for an investigation of possible violations of United States law Title 26 U.S.C. §7214.

Respectfully Submitted,

*[signature]*            December 18, 2006

Dale A. Gulden
204 3rd Street West #305
Bradenton, FL 34205
Phone # 941-232-6260

STATE OF FLORIDA
COUNTY OF MANATEE

SIGNED AND SWORN TO BEFORE ME THIS 18TH DAY OF DECEMBER, 2006 BY DALE A. GULDEN.

*[signature: Cynthia E. Lemery]*
CYNTHIA E. LEMERY

CYNTHIA E. LEMERY
MY COMMISSION # DD 412715
EXPIRES: March 30, 2009
Bonded Thru Budget Notary Services

☒ PERSONALLY KNOWN

8

# Certificate of Service

I hereby certify that on December 18, 2006, I caused a true and correct copy of the foregoing to be mailed by First Class United States Certified Mail to respondents and their counsel at the address indicated on the below Service List.

*(signature)*

Dale A. Gulden, Pro se
PLAINTIFF

## Service List

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT of FLORIDA
TAMPA DIVISION

United States Attorney
Paul Ignatius Perez, USA
400 North Tampa Street, Suite 3200
Tampa, FL 33602
(813)274-6000

Department of Treasury, Internal Revenue Service
Attn: Steward W. Stich, Group Manager
2201 Cantu Court, Suite 215
Sarasota, FL 34232
(941)378-6448

Department of Treasury, Internal Revenue Service
Attn: Carol Rittinger, Revenue Agent, ID #65-04462
2201 Cantu Court, Suite 215
Sarasota, FL 34232
(941)378-6448

Sam M. Gibbons U.S. Courthouse
Clerk of the Court
801 North Florida Ave.
Tampa, Florida 33602
(813)301-5400