UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DALE GULDEN,

        Plaintiff,

vs.                                       Case No. 8:06-CV-2327-T-27MSS

UNITED STATES OF AMERICA,

        Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Renewed Motion to Dismiss (Dkt. 18) for failure to state a claim and lack of subject matter jurisdiction. Plaintiff has responded in opposition (Dkt. 20). Defendant contends that Plaintiff is not entitled to relief because (1) Plaintiff's Amended Complaint does not comply with Federal or Local rules and should be stricken, (2) there is no subject matter jurisdiction, (3) Plaintiff fails to state a claim upon which relief may be granted, and (4) the Anti-Injunction Act prohibits this Court from granting the relief requested. (Dkt. 18).

Upon consideration, Defendant's motion is GRANTED. This Court lacks subject matter jurisdiction. The United States has not waived sovereign immunity. Moreover, to the extent Plaintiff seeks an order restraining tax collection activities, this action is prohibited by the Anti-Injunction Act, 26 U.S.C. § 7421(a).

Plaintiff filed his initial Complaint against the United States and two individual Internal Revenue Service employees, alleging wrongful collection activities. (Dkt. 1). Plaintiff amended his Complaint, naming only the United States as a defendant. (Dkt. 17). In his Amended Complaint,

1

Plaintiff seeks to "correct government records" based on his contention of a "denial of Administrative Due Process." (Dkt. 17 at 2).[1] Plaintiff seeks an order requiring Defendant to correct all records showing no assessment was made, to correct all records to eliminate the SFR 150, to cease any activity being taken as a result of the imperfect information in Plaintiff's records, and to contact each entity in receipt of a 2039 summons and inform them the Plaintiff has not been accused of any wrongdoing. (*Id.* at 7-8).

### *Defendant's Argument to Strike the Amended Complaint*

Defendant argues that "Gulden's failure to follow the Federal and Local Rules or to abide by the Court's February 15, 2007 Order is sufficient cause to strike the Amended Complaint from the record." (Dkt. 18 at 3). Defendant asserts that Plaintiff's act of filing an amended complaint rather than responding to Defendant's original motion to dismiss as he requested of this Court, and which was granted, was impermissible. (Dkt. 18). However, Rule 15(a) permits the Plaintiff to amend a complaint prior to the Defendant filing a responsive pleading. A motion to dismiss is not a responsive pleading. The filing of Plaintiff's Amended Complaint was therefore permissible. *Chilivis v. SEC*, 673 F.2d 1205, 1209 (11th Cir. 1982). As he is proceeding *pro se*, Plaintiff's Amended Complaint will be liberally construed for purposes of the instant motion to dismiss.

---

[1] Plaintiff purports to state several causes of action, claiming that: (1) "the return is not valid" because no return authorized by 26 U.S.C. § 6020(b) was signed by the Secretary; (2) "no return authorized by 26 U.S.C. § 6020(b) exists for the tax years in question" and therefore no assessment is authorized; (3) "There are no satisfying transactions for the tax years in question" and therefore an "assessment cannot be made"; (4) "Defendant must claim that a return was filed in order to have a satisfying transaction to make an assessment against Plaintiff"; (5) "The SFR 150 is NOT a return" and therefore cannot be used to determine an assessment; and (6) the 2039 summons Defendant issued to Plaintiff's financial institutions were deceptive because they leave out a section which indicates that the summons is only valid for government employees. (*Id.* at 4-6).

*Subject Matter Jurisdiction*

Defendant contends that this Court lacks subject matter jurisdiction because the United States has not waived sovereign immunity. (Dkt. 18 at 5). Plaintiff has the burden of establishing subject matter jurisdiction. *See Ishler v. Internal Revenue,* 237 Fed.Appx. 394, 398, 2007 WL 749746 (11th Cir. 2007). Plaintiff must therefore prove an explicit waiver of immunity. *Id.* Plaintiff has not demonstrated that the United States has waived sovereign immunity.

The United States, as a sovereign, may not be sued without its consent. *United States v. Dalm,* 494 U.S. 596, 608 (1990). Any waiver of sovereign immunity must be explicit. *Raulerson v. United States,* 786 F.2d 1090, 1091 (11th Cir. 1986); *United States v. Nordic Village, Inc.,* 503 U.S. 30, 33-34, (1992); *Lane v. Pena,* 518 U.S. 187, 192 (1996). Sovereign immunity is "a complete bar to lawsuits" against the United States. *State of Fla., Dep't of Business Regulation v. U.S. Dep't of Interior.,* 768 F.2d 1248, 1251 (11th Cir. 1985). Plaintiff has not established that the United States has waived sovereign immunity regarding his challenge to the lawfulness of its assessment activities.

Plaintiff relies on a number of statutes which he contends confer jurisdiction. Plaintiff first cites 28 U.S.C. § 1331 in support of subject matter jurisdiction. Federal question jurisdiction alone, however, is not enough to support a waiver of sovereign immunity. *Garcia v. United States,* 666 F.2d 960, 966 (5th Cir. 1982); *see Ishler v. Internal Revenue,* 237 Fed.Appx. at 396 (citing *Baltin v. Alaron Trading Corp.,* 128 F.3d 1466, 1469-73 (11th Cir. 1997)). To the extent Plaintiff relies on 28 U.S.C.§ 2410 as a waiver of sovereign immunity, his reliance is misplaced. Section 2410 waives sovereign immunity only in actual quiet title actions, not suits analogous to quiet title actions. Even liberally construed, Plaintiff's Amended Complaint is not an action to quiet title. To the extent

Plaintiff seeks to have the IRS tax lien corrected or collection activity pursuant to that lien restrained, it is apparent that Plaintiff is not seeking a determination of who owns real property. This is not a quiet title action within the immunity waiver of section 2410 because there is no title in dispute. *See Raulerson v. United States,* 786 F.2d at 1091-92.

### *Anti-Injunction Act*

Liberally construed, the Amended Complaint seeks an order compelling the United States to take certain action and an order prohibiting the United States from engaging in tax collection activities. (*See* Dkt. 17, p. 7, "Relief Requested," ¶¶ 1, 2, 3 and 4). The United States contends that this action is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a). Notwithstanding Plaintiff's protestations, his Amended Complaint effectively seeks mandatory and prohibitory injunctive relief. While he does not expressly contest an underlying tax liability or expressly seek an order restraining collection of unpaid income tax liabilities, his claim nonetheless concerns the collection of a tax. He seeks to "correct" certain "government records" relating to "assessments for the tax years." He seeks an order compelling the United States to cease certain collection activities based on allegedly incorrect records. (Dkt. 17). It is apparent, therefore, that Plaintiff is seeking an order which would, at least according to Plaintiff, result in an invalid tax assessment. (*See* Dkt. 17, p. 4 "Absent a return, no assessment is authorized."). The Anti-Injunction Act therefore bars this action. *See Enax v. United States,* 2007 WL 708976, *2 (11th Cir. 2007).

Subject to certain statutory exceptions, the Anti-Injunction Act prohibits suits brought "for the purpose of restraining the assessment or collection of any tax." 26 U.S.C. § 7421(a). "Once a proper assessment has been made, the taxpayer's recourse is to pay the tax and bring a suit for refund." *Hempel v. United States,* 14 F.3d 572, 573 n.3 (11th Cir. 1994). This provision is

interpreted broadly and applies to suits such as this one which do not directly concern the collection or assessment of a tax, but which might ultimately result in such assessment or collection. *See Hobson v. Fischbeck,* 758 F.2d 579, 580-81 (11th Cir. 1985). Plaintiff has not alleged and does not argue that he qualifies for any exception under the Anti-Injunction Act. Moreover, a liberal construction of his Amended Complaint does not support any such exception. *See Segal v. C.I.R.* 177 Fed.Appx. 29, 30, 2006 WL 952223, *1 (11th Cir. 2006). Accordingly, this action is prohibited by the Anti-Injunction Act.

Two other statutes Plaintiff cites, 5 U.S.C. § 706(A), (C), (D), and (E) and 28 U.S.C. § 1361, do not provide an independent source of subject matter jurisdiction nor do they override the Anti-Injunction Act. *O'Meara v. Waters*, 464 F.Supp. 2d. 474, 478 (D. MD. 2006); *see also United Petro/Energy Corp. v. United States*, 846 F.Supp. 993, 996 (S.D. Fla. 1994).

Finally, to the extent Plaintiff relies on the Privacy Act, 5 U.S.C. §552a(g)(1)(C), for subject matter jurisdiction, his reliance is likewise misplaced. The Internal Revenue Code preempts inconsistent remedies provided for in the Privacy Act. *Hobbs v. United States ex rel. Russell*, 209 F.3d 408, 412 (5th Cir. 2000). Plaintiff's exclusive remedy for disclosure of his tax records is governed by the Internal Revenue code, and not the Privacy Act. *Cheek v. I.R.S.*, 703 F.2d 271, 272 (7th Cir. 1983); *Lake v. Rubin*, 162 F.3d 113 (D.C. Cir. 1998), *cert. denied*, 526 U.S. 1070 (1999); *Gardner v. United States*, 213 F.3d 735, 741 n.5 (D.C. Cir. 2000), *cert. denied*, 531 U.S. 1153 (2001). 26 U.S.C.A. § 7852 (e), expressly provides:

> **(e) The Privacy Act of 1974**– The provisions of subsections (d)(2), (3), and (4), and (g) of section 552a of title 5, United States Code, shall not be applied, directly or indirectly, to the determination of the existence or possible existence of liability (or the amount thereof) of any person for any tax, penalty, interest, fine, forfeiture, or other imposition or offense to which the provisions of this title apply.

This section effectively strips the court of subject matter jurisdiction over Plaintiff's claims to correct or amend his tax records. *Gardner v. United States*, 213 F.3d at 741 n.5.[2]

Based on the foregoing, it is

**ORDERED AND ADJUDGED:**

1. Defendants' Renewed Motion to Dismiss (Dkt. 18) is **GRANTED**, as this Court lacks subject matter jurisdiction;

2) Plaintiff's Motion for Ruling and Relief (Dkt. 23) is **DENIED** as moot.

3) The Clerk is directed to close this case.

**DONE AND ORDERED** in chambers this 26th day of October, 2007.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Plaintiff, *pro se*
Counsel of Record

---

[2] As this Court lacks subject matter jurisdiction, it is unnecessary to address Defendant's other contentions that the Amended Complaint fails to state a claim. Notwithstanding, this Court discerns no arguable merit to any of Plaintiff's allegations. For example, to the extent Plaintiff contends that the IRS may not issue summonses to his financial institutions in order to gather information during the course of its investigation, he plainly misinterprets the law. The IRS is authorized under I.R.C. § 7602 to issue a summons for this very purpose. Additionally, the IRS is authorized under § 6020(b) to file returns when the individual has failed to do so. *Brewer v. United States*, 764 F.Supp. 309, 316 (S.D.N.Y. 1991). In sum, the activities Plaintiff alleges are improper or illegal all have been conducted in the course of tax collection activities, a statutory function of the IRS. *Hobson v. Fischbeck*, 758 F.2d at 580.